UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC ACQUISITIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GILBERT HEREDIA; LORI HEREDIA,<br><br>Defendants. | No. 2:15-cv-717-MCE-EFB PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

On March 31, 2015, defendants, proceeding pro se, filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for Alameda County. ECF No. 1. This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).[1]

This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the

---

[1] Also on March 31, 2015, defendants filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 2. However, in light of the recommendation herein that this action be remand for lack of subject matter jurisdiction, defendants' request to proceed *in forma pauperis* will not be addressed.

1

first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As explained below, defendants have failed to meet that burden.

The notice of removal states that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. ECF. No. 1 at 1. However, a review of the complaint reveals that plaintiff does not allege any federal claims; instead, plaintiff alleges only unlawful detainer under state law. ECF No. 1 at 8-10 (Compl.). The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Here, plaintiff's one cause of action is for unlawful detainer under state law, and under the well-pleaded complaint rule, a defendant's claims or defenses may not serve as a basis for removal. *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

Defendants also claim that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. ECF No. 1 at 2. Defendants contend that diversity of citizenship is present because plaintiff and defendants are citizens of different states and the property at issue is worth more than $75,000. *Id*. Even assuming complete diversity is present, defendants have not shown that the amount in controversy exceeds $75,000. The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled by plaintiff. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961); *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007). The complaint alleges that that the amount in controversy does not exceed $10,000. ECF No. 1 at 8. Furthermore, the value of the property at issue does not determine the amount in controversy. *See also Fed. Home Loan Mortg. Corp. v. Cantillano*, 2012 WL 1193613, at *2 (C.D. Cal. Apr. 9, 2012) ("The appropriate dollar amount in determining the amount of controversy in unlawful detainer actions

1   is the rental value of the property, not the value of the property as a whole."); *Fed. Home Loan*
2   *Mortg. Corp. v. Pulido*, 2012 WL 540554 (N.D. Cal. Feb. 17, 2012) ("In unlawful detainer
3   actions, the right to possession is contested, not title to the property, and plaintiffs may collect
4   only damages that are incident to that unlawful possession."). Consequently, because defendants
5   have failed to demonstrate to a legal certainty that the amount in controversy requirement is met,
6   the court lacks diversity jurisdiction over the action.[2]

7   Furthermore, defendants removed this action to the wrong federal court. As the state
8   action was filed in Alameda County Superior Court, defendants should have sought to remove
9   this action to the United States District Court for the Northern District of California. *See* 28
10  U.S.C. § 1441(a) (providing that a defendant may remove "to the district court of the United
11  States for the district and division embracing the place where such action is pending."); 28 U.S.C.
12  84(a) (providing that Alameda County is in the Northern District of California). Given that there
13  is no federal subject matter jurisdiction over the instant action, the court declines to transfer this
14  matter to the Northern District and recommends remand to state court. *See* 28 U.S.C. §§ 1404(a),
15  1447(c).

16  Accordingly, IT IS HEREBY RECOMMENDED that the above-captioned case be
17  REMANDED to the Superior Court of the State of California in and for the County of Alameda.

18  These findings and recommendations are submitted to the United States District Judge
19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
20  after being served with these findings and recommendations, any party may file written
21  objections with the court and serve a copy on all parties. Such a document should be captioned
22  "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
23  shall be served and filed within fourteen days after service of the objections. Failure to file
24  /////
25  /////
26
27  [2] Nor does it appear that removal by defendants would be proper under 28 U.S.C.
28  § 1441(b), which permits removal in diversity cases only when "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

1  objections within the specified time may waive the right to appeal the District Court's order.

2  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th

3  Cir. 1991).

4  DATED: April 6, 2015.

  _____
  EDMUND F. BRENNAN
  UNITED STATES MAGISTRATE JUDGE